IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CALVIN MCNEILL, #163182 | * | |
|     Petitioner | | |
|     v. | * | CIVIL ACTION NO. CCB-06-263 |
| NANCY L. ROUSE, et al. | * | |
|     Respondents. | | |
| | *** | |

**MEMORANDUM**

A jury in the Circuit Court for Baltimore City convicted Calvin McNeill ("petitioner") of first degree murder and a handgun violation. Paper No. 1 at 2; Paper No. 8 at Ex. 1. On June 25, 1982, petitioner was sentenced to concurrent life and five-year terms. Paper No. 1 at 1; Paper No. 8, Exs. 1 & 3. Petitioner's convictions were affirmed on appeal by the Court of Special Appeals of Maryland by opinion filed on April 27, 1983. Paper No. 8 at Exs. 1, 2, & 5. Petitioner did not file a petition for writ of certiorari with the Court of Appeals of Maryland.

On September 6, 1990, petitioner filed a state post-conviction petition in the Circuit Court for Baltimore City. *Id.*, Exs. 1 & 3. Post-conviction relief was denied on March 12, 1991. *Id.*, Ex. 1. His application for leave to appeal was granted and the case was remanded for further proceedings.[1] *Id.*, Exs. 1 & 4. The circuit court subsequently entered an order denying post-conviction relief on January 29, 1992. *Id.*, Exs. 1 & 5. There is no record that petitioner filed for further appellate review.

---

[1] The remand was ordered due to the post-conviction judge's failure to comply with Maryland Rule 4-407(a), which requires the filing of a statement of reasons for denying collateral relief. Paper No. 8, Ex. 4.

The instant 28 U.S.C. § 2254 petition was received for filing on January 31, 2006.[2] Respondents were ordered to provide this court a limited show cause response as to the issue of timeliness. On April 28, 2006, respondents filed an answer, arguing that the petition is time-barred. Paper No. 8. Petitioner was afforded the opportunity to file a reply, but instead filed a motion to dismiss the case without prejudice, asserting that he "may not have exhausted all state remedies available and....does not want to be barred in the future...." Paper No. 9. The petition may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the petition shall be denied and dismissed as untimely. Petitioner's motion to dismiss shall be denied as moot.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[3] Petitioner, who was convicted in 1982, and whose conviction became final in May of

---

[2]  Petitioner claims that: the trial court denied him his right to "allocution;" the trial court failed to determine whether he had received and reviewed the pre-sentence report; the trial court failed to provide the jury specific instructions on the case, evidence, and the facts of lesser and other included offenses; the trial court lacked jurisdiction due to a defective charging document; police officers did not inform him of his *Miranda* rights or read him the charges; trial and appellate counsel were ineffective when they allowed his rights, as set out in his other habeas corpus grounds, to be violated; trial counsel and the trial court refused to allow him to call certain witnesses to testify; he was denied his right to testify on his own behalf; and the trial judge erred when disallowing (or admitting) evidence and showed bias during the course of cross examination and jury communications. Paper No. 1.

[3]  This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1983, had one year from the effective date of AEDPA to file his petition in this Court. *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of AEDPA); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to file this § 2254 petition. The case was not filed until January of 2006, almost nine years after the expiration of the limitation period. While § 2244(d)(2) provide for statutory tolling of the limitation period while state post-conviction proceedings are pending, no such proceedings were pending in the Maryland courts at any time on or after April 24, 1996. Therefore, the petition is not subject to this statutory tolling provision.[4]

---

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] Further, there is no argument that the petition falls under any of the statutory tolling provisions set out under § 2244(d)(1).

The one-year limitation period under § 2254 is also subject to equitable tolling in certain circumstances. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

Petitioner, who was offered the opportunity to raise any tolling argument, offers no persuasive explanation as to why he filed this, his first § 2254 petition, approximately nine years late.[5] His concerns regarding state court exhaustion are inapposite. The fact remains that his petition was filed far beyond the expiration of the limitation period and he is foreclosed from seeking federal habeas corpus relief.

This § 2254 action shall be dismissed with prejudice. A separate Order follows.

Date:   May 16, 2006                        /s/
                                        Catherine C. Blake
                                        United States District Judge

---

[5] In his habeas application petitioner argues that the one-year limitation period should not apply to him because he never received any decision from the appeal of his post-conviction petition. Paper No. 1 at 5, § 14. Even if true, petitioner waited some fourteen to fifteen years after filing the post-conviction appeal to submit his habeas application here. Equitable tolling is not available to him because he has not demonstrated that he exercised reasonable diligence in pursuing post-conviction or federal habeas corpus relief. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)